### 18091

Cecil **HALL** *et al.*, Appellants, v. Virgie Clark **SENN** *et al.*, Respondents

(131 S. E. (2d) 700)

*Messrs. Garvin, Williamson & Grant,* of Aiken, *for Appellants,*

*Messrs. Kermit S. King,* of Columbia, and *Francis C. Jones* and *A. Frank Lever, Jr.,* of Lexington, *for Respondents,*

July 3, 1963.

BRAILSFORD, Justice.

The plaintiffs brought this action to set aside a 1942 tax deed from the Forfeited Land Commission of Lexington County to the defendant Virgie Clark (now Senn) and her then husband, Neal Clark, since deceased, and for partition.

The special referee to whom the action was referred found that the tax sale and deed were valid. He also made specific findings of fact from which he concluded that plaintiffs were barred by laches and estoppel from maintaining this equitable action. The circuit judge before whom exceptions to the report were argued filed a comprehensive and able order, in which he disagreed with the referee's legal conclusion that the tax deed was valid, but, after a rather full review of the evidence, concurred in the referee's findings of fact and conclusions of law with respect to the defenses of laches and estoppel. The Court, therefore, concluded that, quoting from the order, "the error of the referee in finding the tax sale valid was not prejudicial to the plaintiffs"; and ordered that the action be dismissed.

The plaintiffs have appealed on two exceptions, as follows:

"I. Exception is taken wherein the Court held that the sale was improper and disagreed with the Referee's conclusion, the specific error being that the Court did not consider this prejudicial to the plaintiffs.

"II. Exception is taken to the Court's opinion that the plaintiffs were guilty of laches and estoppel for not commencing their action against the defendants for the purpose of resolving the controversy for a period of eight years from the date of the deed from the Lexington County Forfeited Land Commission to Vergie Clark and her husband, Neal B. Clark."

The first exception is vague and indefinite and fails ▪ to set forth any proposition of law or fact which this Court can review. Furthermore, it is apparently based upon the statement in the order which we have quoted above and is manifestly without merit.

The second exception fails to point out the claimed ▪ error in the Court's ruling that the evidence establishes the defenses of laches and estoppel; unless it be that the Court erred in basing its ruling on the mere lapse of eight years between the execution of the deed and the commencement of the action. Thus construed, the exception is not supported by the record. The circuit order carefully points out the undisputed testimony and the referee's findings of fact from conflicting testimony which establish each of the elements of these defenses.

The division of plaintiffs' brief dealing with this exception does not challenge the legal sufficiency of the findings of fact to support the Court's conclusion and we need not demonstrate it. The brief simply marshals certain evidence which weighs against the findings made. We have carefully considered the record and are satisfied that the concurrent factual findings of the referee and circuit judge are fairly supported by the evidence.

Affirmed.

TAYLOR, C. J., and Moss and LEWIS, JJ., and LIONEL K. LEGGE, Acting Associate Justice, concur.